OPINION OF THE COURT
Anthony K. Pomilio, J.
The issue in this case is whether a local criminal court may order removed to Family Court a criminal action, which involves a juvenile who is not charged as a juvenile offender.
This proceeding involves a 15-year-old boy, Roger Mote, who has been accused of having done an act, which if done by an adult, would constitute the crime of burglary in the second degree, a felony, as defined by section 140.25 of the Penal Law. The proceeding is before this court pursuant to an order of removal issued by the Utica City Court.
The accused has moved to dismiss the proceeding, on the ground that it is not properly before this court. He asserts that since the order of removal is not authorized by statute, it is insufficient to confer jurisdiction on the Family Court. The County Attorney has opposed the motion. We now decide that motion.
*1091 The accusatory instrument, filed in the City Court of Utica, accused Roger Mote of having committed the crimes of burglary, second degree, and petit larceny. That instrument further stated that he was being charged as a juvenile offender under subdivision 18 of section 10.00 of the Penal Law.
The accused was arraigned by the Utica City Court, a local criminal court (CPL 10.10, subd 3). That court, in ordering the action removed to the Family Court of Oneida County, stated that the accused had been arraigned upon a felony complaint. It further stated that the action was being removed because burglary, second degree, as defined in subdivision 2 of section 140.25 of the Penal Law is not an offense for which a juvenile may be prosecuted as a juvenile offender under subdivision 18 of section 10.00 of the Penal Law.
The issue is whether the order of removal properly originated a juvenile delinquency proceeding in this Family Court.
Section 731 of the Family Court Act sets forth the only possible methods of originating a juvenile delinquency proceeding in Family Court. Subdivision 1 of that section provides that a juvenile delinquency proceeding is commenced by filing a petition. However, subdivision 3 of that section provides that: “When an order of removal pursuant to article seven hundred twenty-five of the criminal procedure law is filed with the clerk of the court such order and the pleadings and proceedings transferred with it shall be and shall be deemed to be a petition filed pursuant to subdivision one of this section” (emphasis supplied). Thus, a juvenile delinquency proceeding may be originated in Family Court by an order of removal, provided that the removal is authorized by CPL article 725.
CPL article 725 governs the removal of criminal proceedings involving juveniles to Family Court. It authorizes removal under various sections of the CPL and sets forth the required contents of such an order.
Section 725.00 of that article specifies the six sections of the CPL under which a criminal proceeding involving an accused under age 16 may be removed to Family Court.
*1092 There are only six sections of the CPL listed in CPL 725.00 under which a criminal proceeding against a juvenile may be removed to Family Court. Only one of those sections, CPL 180.75, relates to the removal of such a criminal action upon arraignment of the accused by a local criminal court upon a felony complaint. Thus, that is the only section relevant to this proceeding.
CPL 725.05 (subd 1) requires that the order of removal “must specify the section pursuant to which the removal is authorized.”
The order of the Utica City Court fails to specify a section pursuant to which it is authorized and thus fails to comply with the requirements of CPL 725.05.
CPL 180.75 only applies when a juvenile offender has been arraigned before a local criminal court. Subdivision 4 of that section authorizes the removal to Family Court of an action against a juvenile offender, at the request of the District Attorney.
However, Roger Mote, is not charged as a juvenile offender since burglary, second degree (Penal Law, § 140.25, subd 2), is not an act for which a juvenile may be prosecuted as a juvenile offender (Penal Law, § 10.00, subd 18).
CPL 180.75 only authorizes the removal to Family Court of an action against one who is accused as a juvenile offender. It does not authorize such removal when the accused is not a juvenile offender. Thus, the removal of this proceeding is not authorized by CPL 180.75.
Since the removal is neither authorized by CPL 180.75 nor by any other statute, it is not a removal pursuant to CPL article 725. Since the removal order is not pursuant to CPL article 725, it does not properly originate a juvenile delinquency proceeding as prescribed in section 731 of the Family Court Act.
The Family Court only has jurisdiction over juvenile delinquency proceedings originated under section 731 of the Family Court Act. Since the proceedings were not originated thereunder, we have no jurisdiction over the proceeding, and we have no alternative but to dismiss the proceeding.
*1093 However, the dismissal is for a procedural defect only and is not on the merits. It does not preclude the filing of a juvenile delinquency petition under section 731 accusing the juvenile of the same charges.
The petition is accordingly dismissed without prejudice.